UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CHRISTOPHER R. MORENO and
ERNESTINA S. MORENO,

No. 7-09-10073 JL

Debtors.

## MEMORANDUM OPINION

More than six years after the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code, the Chapter 7 Trustee, Philip J. Montoya ("Trustee"), seeks Court approval of the sale of the certain real property located at 4570 Los Morenos Court in which the estate has a tenant in common interest (the "Property") free and clear of liens, claims and interests pursuant to 11 U.S.C. §§ 363(b), (f) and (h) with such liens, claims and interests to attach to the proceeds of sale with the same validity and priority and to the same extent that they attached to the asset sold. *See* Trustee's Amended Motion for Authority to Sell Estate's Interest in Real Property and Interest of Co-Owner Out of the Ordinary Course of Business, Free and Clear of Liens, Claims and Interests ("Motion to Sell").[1] Teresa Moreno, who holds an interest in the Property, together with her husband, William S. Moreno,[2] objected to the Motion to Sell. *See* Docket No. 114. They believe that the sales price for the Property is too low, and object to the proposed purchaser, Bobby Moreno, a relative and neighbor of Teresa and William Moreno. The Court held a final, evidentiary hearing on the Motion to Sell on June 15, 2016 and took the matter under advisement. After considering the evidence presented at the final hearing in light of the

---

[1] The Motion to Sell amended the Trustee's earlier motion to sell the Property to clarify that the Trustee seeks to sell the Property as a whole, not just the bankruptcy estate's one-half interest in the Property.
[2] The Trustee recited in the Motion to Sell that William Moreno is a creditor and recorded a lien in the office of the County Clerk of Dona Ana County on February 11, 2011. For purposes of this Memorandum Opinion, the Court will refer to Teresa Moreno as the objecting party, though the decision necessarily also addresses William Moreno's objections to the Motion to Sell.

applicable standards for approving a sale of estate property outside the ordinary course of business, the Court concludes that the Motion to Sell should be granted.

FACTS AND PROCEDURAL HISTORY[3]

Christopher R. Moreno and Ernestina S. Moreno (the "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 9, 2009. Philip J. Montoya is the appointed Chapter 7 Trustee for the Debtors' bankruptcy estate. The Debtors' Schedule A filed in this bankruptcy case listed certain land and apartments located on Los Morenos Court with a zero value, stating that Christopher Moreno claimed "no interest" in the property and explaining that the property was "put under debtor's name for probate purposes . . . " *See* Docket No. 1. The total amount of the claims filed against the Debtors' bankruptcy estate is $47,025.28. Of this amount, approximately $21,775 are unsecured claims. *Id.*

On January 11, 2011, Christopher Moreno transferred his interest in the Property to the Trustee by Warranty Deed. *See* Exhibit 2. In November of 2011, the Trustee filed an adversary proceeding against Christopher Moreno, Teresa Moreno, Monica Moreno, and Larry Moreno as Adversary Proceeding No. 09-1174 J (the "Adversary Proceeding") seeking authority to sell the estate's interest in certain real property. The Trustee amended the complaint in January of 2012, seeking authority to sell the estate's interest in the following properties:

        4595 Los Morenos Court

        4597 Los Morenos Court

        4560 Los Morenos Court

        4570 Los Morenos Court (defined above as the "Property")

---

[3] As part of the final hearing, the Court took judicial notice of the documents filed of record in the Debtors' bankruptcy case, including the proofs of claim filed in the claims register.

2

As part of the Adversary Proceeding, the Court determined that Teresa Moreno and Christopher Moreno each held an interest as tenants in common in the Property as of the petition date, and that the Trustee was authorized to sell both the estate's interest and Teresa Moreno's interest in the Property, subject to filing the Motion to Sell with a notice of objection deadline. *See* Order Granting Partial Final Summary Judgment in Favor of Plaintiff Pursuant to Rule 54(b) with Respect to Property Located at 4570 Los Morenos Court – Adversary Proceeding, Docket No. 76.

In 2013, the Trustee sold the real property located at 4560 Los Morenos Court to Bobby Moreno for $17,300. *See* Order Approving Trustee's Motion for Authority to Sell Estate's Interest in 4560 Los Morenos Court, Las Cruces, New Mexico Out of the Ordinary Course of Business, Free and Clear of Liens, Claims and Interests – Docket No. 68. Bobby Moreno is Teresa Moreno's brother in law, and a relative of Christopher Moreno. He also owns other property located across the private dirt road that provides access to properties on Los Morenos Court identified above. Teresa Moreno has an interest in a tri-plex rental property located kitty-corner from the property located at 4560 Los Morenos Court and directly across from the Property that is the subject of the Motion to Sell. *See* Exhibit 6. Ms. Moreno testified that she has had trouble with Bobby Moreno for the past eleven years concerning water service to the tri-plex rental property and the private dirt road.

*The Property*

The Property abuts the property located at 4560 Los Morenos Court. *See* Exhibit 6. The Property consists of a .706 acre tract of land more particularly described as follows:

> A 0.706 Acre tract of land situate north of the City of Las Cruces, Dona Ana County, New Mexico, located in Section 25, T.22S., R.1E, N.M.P.M. of the U.S.R.S. Surveys, and being part of lots 9 and 10, Block 27 of the Elephant Butte Land and Trust Company Subdivision "A" filed March 01, 1911 in Plat Book 8, page 86, Dona Ana County records

3

Access to the Property is along the private dirt road. The residential dwelling located on the Property is a duplex. The duplex units are rented. Currently, only one septic tank services the duplex. Upon a change in ownership of the Property, two separate septic systems will need to be installed, along with two new water meters and a new water line. An "existing 30' Ft. wide roadway easement" runs up to the northeast corner of the Property, but it would be impracticable to run a new water line along the roadway easement. Any potential buyer would need to obtain an easement over the property located at 4560 Los Morenos Court (currently owned by Bobby Moreno) to provide access to the water main to service the Property. The stucco on the duplex is also in need of repair.

*The Trustee's Efforts to Sell the Property*

The Trustee first listed the Property for sale in February 2014 with Don Brown, a real estate broker for Steinborn & Associated Real Estate. *See* Exhibit 3. The Trustee originally listed the Property for sale for $70,000. The Trustee received no offers to purchase the Property at the original listing price. Mr. Brown passed away, and a new broker, Thomas Watley, took over the listing for the Property in March of 2015. Because the Property is in a rural area with dirt roads, has significant water and septic issues, and is in need of other significant repairs, it is a difficult property to sell. Investors who might be interested in buying an income producing rental property are generally not interested in properties located in rural areas outside the "lot/block" subdivisions of the city. The Trustee eventually dropped the listing price to $55,000.

Bobby Moreno is the only person to make an offer to purchase the Property since the Property was listed for sale. He offered $20,000. The Trustee made a counter-offer of $30,000 that Bobby Moreno did not accept. Instead, Bobby Moreno obtained the following quotes for work to be done on the Property and renewed his offer to purchase the Property for $20,000:

4

>       Dona Ana Mutual Domestic Water Consumers Association
>       Installation of water main and water meter:    $9,897.55
>       Installation of a second water meter:          $3,215.13
>       Installation of water main line extension:     $6,603.67
>
>       B & J Sand and Gravel
>       Installation of two 1200 gallon septic tanks:  $9,066.75
>
>       Gardea Roofing Co.
>       Installation of new shingled roof:             $7,150.00
>       Installation of new stucco:                    $12,650.00
>
>       TOTAL cost estimate:                           $48,583.10

*See* Exhibit 4.

Mr. Watley believes these repairs and upgrades to the Property are necessary and that the cost estimates are reasonable. Ms. Moreno agrees that the Property needs a new water main, two water meters, two septic tanks, and some stucco repair, but disagrees that the roof needs to be replaced because she made some repairs to the roof less than five years ago. Taking into account the cost of necessary repairs and upgrades, the need for an easement to provide access for water, and the Trustee's efforts to sell the Property, the Court finds that the fair market value of the Property in "as is" condition is $20,000.

*The Terms of the Sale*

Bobby Moreno and the Trustee entered into a Purchase Agreement for the Property on September 15, 2015.[4] *See* Exhibit 4. The purchase price is $20,000. Bobby Moreno agreed to purchase the Property "AS IS" and "WITH ALL FAULTS." *Id.* An Addendum to the Purchase Agreement confirms that the Buyer:

> Understands that the septic system will not pass and will at [buyer's] own expense install 2 new septic systems

---

[4] Helen Rios also signed the Purchase Agreement. By an Addendum, Helen Rios was removed from the Purchase Agreement. *See* Exhibit 4.

5

> Understands that water to the property will be at [buyer's] own expense and ha[s] contacted Dona Ana Mutual to install water to the property
>
> Waives the right to an inspection; and
>
> Waives [the] right to a NM Property Disclosure Statement

*Id.*

On January 25, 2016, the Trustee accepted Bobby Moreno's offer to purchase the Property for $20,000. *Id.* Teresa Moreno has not made an offer to purchase the Property.

## DISCUSSION

A Chapter 7 trustee has a duty "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). A "primary role [of a chapter 7 trustee] in administering a debtor's bankruptcy estate is to liquidate property for the benefit of unsecured creditors." *In re First State Bancorportion,* 2013 WL 823414, *7 (Bankr.D.N.M. Mar. 6, 2013) (citation and internal quotation marks omitted).[5] To that end, 11 U.S.C. § 363(b)(1) authorizes the Chapter 7 trustee to sell property of the bankruptcy estate outside the ordinary course of business, after notice and a hearing. 11 U.S.C. § 363(b)(1). *See also In re Buerge,* 2014 WL 1309694, *9 (10th Cir. BAP Apr. 2, 2014) (unpublished) ("Section 363(b) authorizes a trustee, after notice and a hearing, to use, sell, or lease property of the estate outside of the ordinary course of business.").

Before a sale of estate property outside the ordinary course of business may be approved, the Chapter 7 trustee must demonstrate "sound business reasons" for the sale. *In re Allen,* 607 Fed.Appx. 840, 843 (10th Cir. 2015) (unpublished) (stating that "[t]he 'business judgment' test applies to determine whether a sale under § 363(b) should be approved" and that "[u]nder this

---

[5] *See also, Ebel v. King (In re Ebel),* 338 B.R. 862, 873 (Bankr.D.Colo. 2005) (stating that a chapter 7 trustee must "'protect and preserve property of the estate for the purpose of maximizing a distribution to creditors.'") (quoting *In re Ngan Gung Rest,* 254 B.R. 566, 570 (Bankr.S.D.N.Y. 2000)).

standard, the Trustee . . . must show sound business reasons for the sale.") (citing *In re Castre, Inc.,* 312 B.R. 426, 428 (Bankr.D.Colo. 2004) (citing *Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063 (2d Cir. 1983), as "the most cited authority [for] the proper standard for the [c]ourt's use in considering a proposed motion to sell")).[6]  Factors bearing on the Court's determination include "1) whether there was any improper or bad motive involved; 2) whether the price is fair and reasonable and whether the transaction occurred at an arm's length; and 3) whether there were adequate sales procedures, including proper exposure to the market and fair and reasonable notice to all parties in interest." *Premier Concrete,* 2010 WL 1780046 at *2 (citing *Castre,* 312 B.R. at 428) (remaining citations omitted).[7]

Applying these factors to the evidence before the Court, the Court finds that the Trustee has established sound business reasons justifying the sale of the Property and has satisfied the other requirements for a sale pursuant to 11 U.S.C. §§ 363(b), (f), and (h).[8]  The Trustee listed the Property with an experienced real estate broker for a significant period of time, providing adequate exposure to the market.  The Trustee gave notice of the Motion to Sell to all creditors and parties in interest in the Debtors' bankruptcy case, including Teresa Moreno.  Ms. Moreno

---

[6] *See also, Buerge,* 2014 WL 1309694 at *9 ("A trustee must show . . . a sound business reason exists to sell the property"); *In re Angel Fire Water Co., LLC,* 2015 WL 251570, *2 (Bankr.D.N.M. Jan. 20, 2015) (J. Thuma) ("The trustee or debtor in possession has the burden to establish sound business reasons for the terms of a proposed § 363 sale") (citation omitted); *In re Premier Concrete, LLC,* 2010 WL 1780046, *2 (Bankr.D.N.M. May 4, 2010) (observing that "courts generally apply a business judgment test" to determine whether to approve a sale outside the ordinary course of business under § 363(b)) (citations omitted); *Allen v. Cohen,* 2014 WL 2118293, *4 (D.Colo. May 21, 2014) (stating that "courts in the Tenth Circuit apply the 'business judgment' test in reviewing a proposed sale, which requires an evaluation of whether the trustee has established 'sound business reasons' for the terms of the sale") (citation omitted).

[7] *See also In re JL Building, LLC,* 452 B.R. 854, 859 (Bankr.D.Utah 2011) (stating that "[a] trustee must show:  (a) a sound business reason exists to sell the property; (b) adequate and reasonable notice including a full disclosure of the sales terms has been given to parties in interest; (c) the sale price is fair and reasonable; and (d) the buyer is acting in good faith.") (citing *In re Medical Software Solutions,* 286 B.R. 431, 439-40 (Bankr.D.Utah 2002)).

[8] The Court previously determined that the Trustee could sell both the estate's interest and Ms. Moreno's interest as tenants in common in the Property pursuant to 11 U.S.C. § 363(h).  *See* Order Granting Partial Final Summary Judgment in favor of Plaintiff Pursuant to Rule 54(b) with respect to Property Located at 4570 Los Morenos Court; Adversary Proceeding No. 09-1174 J, Docket No. 14.

did not make a competing offer to purchase the Property. No potential purchaser other than Bobby Moreno has come forward to make an offer to purchase the Property.

The sales price is both fair and reasonable. The Property has significant issues that affect its marketability and value. Any potential purchaser would need to acquire an easement over the property located at 4560 Los Morenos Court to provide water access to the Property. Given these access issues and its current condition, the Court has found that the fair market value of the Property is $20,000. Bobby Moreno is willing to purchase the Property "as is." The cost estimates for the upgrades and repair, if added to the purchase price of $20,000, nearly total the original listing price of $70,000. Sale of the Property for $20,000 in an "as is" condition will "result in the estate obtaining the best price possible under the circumstances." *In re Psychrometric Systems, Inc.,* 367 B.R. 670, 674 (Bankr.D.Colo. 2007) (quoting *In re Bakalis,* 220 B.R. 525, 532 (Bankr.E.D.N.Y. 1998) (citing *In re Chung King, Inc.,* 753 F.2d 547, 549 (7th Cir. 1985)). In addition, the sale of the Property is necessary to pay the unsecured claims in the bankruptcy estate, since the sale of the property located at 4560 Morenos Court did not yield sufficient funds to pay all unsecured claims in full. Proceeds from the sale of the Property will enable the Trustee to pay all unsecured claims of the bankruptcy estate in full.

Teresa Moreno asserts that the Trustee should not sell the Property to a family member and complains that Bobby Moreno will cause her trouble. There is no prohibition against the sale of bankruptcy estate property to an insider, such as a relative of the debtor. *See* 11 U.S.C. § 101(31)(A) (defining "insider" of an individual debtor as a "relative of the debtor"); *In re Bakalis,* 220 B.R. 525, 537 (Bankr.E.D.N.Y. 1998) (acknowledging "the absence of any prohibition against insiders purchasing estate assets under § 363(b)."); *In re Medical Software Solutions,* 286 B.R. 431, 445 (Bankr.D.Utah 2002) (acknowledging that "'[i]t is not bad faith per

se for an insider to purchase property from an estate. . .'") (quoting *In re Wilde Horse Enterprises, LLC,* 136 B.R. 830, 842 (Bankr.C.D.Cal. 1991) (remaining citation omitted)). Further, the Trustee has been unable to find another buyer despite diligent efforts to sell the Property.

No evidence has been presented that would demonstrate a bad motive on Bobby Moreno's part in purchasing the Property or that Bobby Moreno inappropriately colluded with the Trustee in negotiating the sales price. When the Trustee made a counter offer in response to Bobby Moreno's initial offer to purchase the Property for $20,000, he obtained independent bids for the work required to repair and upgrade the Property to justify the lower offer. Any dispute that may arise between Teresa Moreno and Bobby Moreno following the sale of the Property to Bobby Moreno is a matter best resolved in state court.

Ms. Moreno also protests that she maintained the Property over the years so that her grandson, Josue L. Samaniego, would ultimately get the Property when she passes on. *See* Objection, ¶ 6. Post-petition, she executed a transfer on death deed for the Property in favor of her grandson (the "Transfer on Death Deed") which was recorded in the real property records of Dona Ana County on January 6, 2010. *See* Adversary Proceeding No. 09-1174 – Docket No. 70-2. As explained below, the Transfer on Death Deed does not grant Josue L. Samaniego an interest in the Property.

The Court has determined that the Trustee may sell Ms. Moreno's interest in the Property pursuant to Bankruptcy Code § 363(h) to the same extent Ms. Moreno could sell her interest in the Property. New Mexico has adopted the Uniform Real Property Transfer on Death Act (the "Act"). *See* N.M.S.A. 1978 §§ 45-6-401 through 45-6-417 (Repl. Pamp. 2014). The Act "applies to a transfer on death deed made before, on or after January 2014 by a transferor dying

9

on or after January 1, 2014." N.M.S.A. 1978 § 45-6-403 (Repl. Pamp. 2014). The Transfer on Death Deed that Ms. Moreno executed and recorded before January 1, 2014 is subject to the Act. Because a recorded transfer on death deed during the life of the transferor does not "affect an interest or right of the transferor or any other owner, including the right to transfer or encumber the property," and does not "create a legal or equitable interest in favor of the designated beneficiary," the Trustee may sell the Property free of the Transfer on Death Deed consistent with the requirements of 11 U.S.C. § 363(h), notwithstanding Josue Samaniego's status as beneficiary under that deed. *See* N.M.S.A. 1978 §§ 45-6-412 (A) and (E) (Repl. Pamp. 2014). Because Ms. Moreno is alive, the Transfer on Death Deed does not create an interest in the Property. The Transfer on Death Deed will not encumber the Property and will have no further force or effect following the Trustee's transfer of the Property to Bobby Moreno.

In the Motion to Sell, the Trustee requests a sale free of liens, claims and interests in the Property with such liens, claims and interests to attach to the proceeds of sale with the same validity and priority and to the same extent that they attached to the asset sold. The Motion to Sell recites that William Moreno recorded an avoidable post-petition lien against the Property, and that Beneficial holds a transcript of judgment lien, but has released its lien. No evidence of either William Moreno's lien or of Beneficial's release of lien was presented to the Court at the final hearing on the Motion to Sell. The Trustee has not sought to avoid any liens of William Moreno or Beneficial in the Property.

Based on the foregoing, the Court concludes that the Motion to Sell should be granted. The Trustee may sell the interest of the Debtor and the ownership interest of Teresa Moreno in the Property to Bobby Moreno free of liens, claims and other interests. The Court will require that any liens against or other interests in the Property (other than Teresa Moreno's ownership

10

interest), including any liens of William Moreno and Beneficial, will attach to the proceeds of sale with the same validity and priority and to the same extent that they attached to the Property on the date of transfer to Bobby Moreno. Further, any such liens and other interests that so attach to the proceeds of sale will be subject to the avoidance powers of the Trustee to the same extent the liens and interests could be avoidable had no transfer occurred. Theresa Moreno will be compensated for her one-half interest in the Property from the proceeds of the sale consistent with 11 U.S.C. § 363(j)[9] unless she exercises her right of first refusal under 11 U.S.C. § 363(i)[10] to purchase the Property before the sale is consummated. Pursuant to Fed.R.Bankr.P. 6004(h), the order approving the sale will be stayed until the expiration of 14 days after entry, providing Teresa Moreno with some additional time within which to exercise her right of first refusal.

The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: July 25, 2016

COPY TO:

Bonnie P. Bassan
Moore, Bassan & Behles P.C.
Attorney for Chapter 7 Trustee
3800 Osuna Rd NE, STE #2
Albuquerque, NM 87109

---

[9] Section 363(j) provides:
> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to . . . the co-owners of such property . . . and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such . . . co-owners, and of the estate.
> 11 U.S.C. § 363(j).

[10] Section 363(i) provides, in relevant part:
> Before the consummation of a sale of property to which subsection (g) or (h) of this section applies . . . a co-owner of such property . . . . may purchase such property at the price at which such sale is to be consummated.
> 11 U.S.C. § 363(i)

11

Teresa A. Moreno
William S. Moreno
P.O. Box 306
Las Cruces, NM 88004